**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARNEZ L. REID, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | DOCKET NO. 24-00985 |
| ISAAC TRITT, ANTHONY | : | |
| AQUILER JOSEPH N. HOGARTH | : | |
| AND PENBROOK BOROUGH, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' OFFICER ISAAC TRITT, OFFICER ANTHONY
AQUILER, CHIEF JOSEPH HOGATH AND PENBROOK BROOUGH'S
<u>ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT</u>**

Defendants, Officer Isaac Tritt, Officer Anthony Aquiler, Chief Joseph N.

Hogarth, and Penbrook Borough ("Answering Defendants"), through their

undersigned attorneys, file this Answer to Plaintiff's Complaint denying each and

every averment as set forth herein except those admitted below:

## I.   <u>JURISDICTION</u>

1.      Answering Defendants do not contest jurisdiction. The merits of the

Complaint are denied.

## II.   <u>VENUE</u>

2.      Answering Defendants do not contest venue. The merits of the

Complaint are denied.

III.  **PARTIES**

3.    Admitted upon information and belief.

4.    Admitted in part and denied in part. It is only admitted that Officer Isaac Tritt, at all times relevant and material hereto, was an employee of Penbrook Borough and working as a law enforcement and patrol officer within the Penbrook Borough Police Department with a business address of 150 South 28th Street, Penbrook, PA 17103. The remainder of the allegations in this paragraph are denied.

5.    Admitted in part and denied in part. It is only admitted that Officer Anthony Aquiler, at all times relevant and material hereto, was an employee of Penbrook Borough and working as a law enforcement and patrol officer within the Penbrook Borough Police Department with a business address of 150 South 28th Street, Penbrook, PA 17103. The remainder of the allegations in this paragraph are denied.

6.    Admitted in part and denied in part.  It is only admitted that Chief Joseph N. Hogarth, at all times relevant and material hereto, was an employee of Penbrook Borough and working as a law enforcement and patrol officer within the Penbrook Borough Police Department with a business address of 150 South 28th

Street, Penbrook, PA 17103. The remainder of the allegations in this paragraph are denied.

7.     Admitted in part and denied in part. It is admitted only that Penbrook Borough has its offices located at 150 South 28th Street, Penbrook, PA 17103. The remaining averments are denied. To the contrary, Penbrook Borough is a municipality and government entity.

## IV.   **FACTUAL BACKGROUND**

8.     Admitted upon information and belief.

9.     Admitted upon information and belief.

10.    Admitted. By way of further response, the averments in this paragraph refer to an incident recorded on video, which was captured on body worn cameras, the video of which speaks for itself. Any characterizations thereof are denied.

11.    Denied as stated. Officer Tritt observed two motorcycles drive by and, *initially*, decided he needed to stop Mr. Carpenter's blue motorcycle because its rear plate was bent up and was unreadable. The remaining averments are denied. By way of further response, the averments in this paragraph refer to an incident recorded on video, which was captured on body worn cameras, the video of which speaks for itself. Any characterizations thereof are denied.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Denied.

17.    Admitted.

18.    Denied as stated. The unidentified car resumed driving as Plaintiff and

Mr. Carpenter were being stopped, not the driver of the unidentified car. The

remaining averments are denied. By way of further response, the averments in this

paragraph refer to an incident recorded on video, which was captured on body

worn cameras, the video of which speaks for itself. Any characterizations thereof

are denied.

19.    Denied. Plaintiff's tailgating of Mr. Carpenter and sudden slowing of

his motorcycle was a violation of the Traffic Code for which Plaintiff was cited.

20.    Denied. Officer Tritt decided he needed to stop and cite Plaintiff due

to his dangerous driving. Specifically, due to him tailgating Mr. Carpenter so

closely that a collision between Plaintiff and Mr. Carpenter almost occurred. By

way of further response, the averments in this paragraph refer to an incident

recorded on video, which was captured on body worn cameras, the video of which speaks for itself. Any characterizations thereof are denied.

21.     Admitted.

22.     Admitted.

23.     Denied as stated. Officer Aquiler responded to the scene at approximately the same time as Officer Tritt. The remaining averments are denied.

24.     Denied as stated. Officer Tritt exited his patrol vehicle, told Plaintiff to turn off his motorcycle, and then went to talk with Mr. Carpenter.

25.     Denied as stated. Officer Aquiler exited his patrol car and positioned himself near Plaintiff.

26.-41.     Admitted in part. Denied in part. After exiting his vehicle, Officer Tritt commanded Plaintiff to turn off his motorcycle, as he was pulled over, and began a conversation with Mr. Carpenter. During his conversation with Mr. Carpenter, Officer Tritt commanded Plaintiff to turn off his motorcycle several times, by both word and motion, which Plaintiff ignored and/or refused. Due to Plaintiff's failure to follow Officer Tritt's lawful and reasonable commands, Officer Tritt initiated a conversation with Plaintiff, during which Officer Tritt told Plaintiff that he was being pulled over for tailgating Mr. Carpenter. Finally, Plaintiff turned off his motorcycle and Officer Tritt asked Plaintiff for his

identification and registration. Plaintiff refused to identify himself and provide any form of identification instead arguing with Officer Tritt that he wasn't pulled over properly. Therefore, in order to identify Plaintiff, Officer Tritt and Officer Aquiler, who was standing behind Plaintiff during the stop, were forced to detain Plaintiff and put him in handcuffs, in compliance with Pennsylvania law.

Plaintiff refused to be placed in handcuffs and began to violently resist, flailing his arms and striking both Officer Tritt and Officer Aquiler. It took several minutes for Officer Tritt and Officer Aquiler to place Plaintiff in handcuffs as he refused to comply with orders and was constantly resisting. Officer Tritt was forced to use oleoresin capsicum ("OC") spray on Plaintiff, which it appeared to have no effect on Plaintiff as he continued to resist and complain about being stopped for tailgating.

Even after Officer Tritt and Officer Aquiler managed to place Plaintiff in handcuffs, he continued to resist by attempting to shove Officer Tritt and Officer Aquiler away from him. He also continued to complain about the nature of his stop and now, arrest, said several times he was going to sue them, and even threatened to place a lien on Officer Tritt's and Officer Aquiler's homes. After several minutes of resisting, Plaintiff was placed in Officer Tritt's police cruiser, but he refused to correctly sit in the backseat. Plaintiff had his legs hanging outside the back passenger door in such a way that made it impossible for Officer Tritt and

Officer Aquiler to close the vehicle door to secure Plaintiff in the police cruiser. For over ten (10) minutes, Plaintiff refused to sit correctly and continued to complain about the nature of his stop and arrest, making it impossible for Officer Tritt and Officer Aquiler to take Plaintiff to Dauphin County Booking Center for processing and treatment, as required by protocol. Finally, Plaintiff complied with orders and correctly sit in Officer Tritt's police cruiser. Prior to being placed in the police cruiser, Plaintiff showed no signs of being affected by the OC spray, nor did he complain about being in any pain or discomfort. It was not until Plaintiff was secure in Officer Tritt's cruiser that he complained about the OC spray and requested medical attention. The remaining averments are denied. By way of further response, the averments in this paragraph refer to an incident recorded on video, which was captured on body worn cameras, the video of which speaks for itself. Any characterizations thereof are denied.

42.-44.     Admitted in part and denied in part. It is admitted Officers Tritt and Aquiler heard Plaintiff's request for water and medical attention. The remaining averments are denied. To the contrary, Officer Tritt informed Plaintiff numerous times that he will be treated at Dauphin County Booking Center, per protocol. Furthermore, Officer Tritt also relayed to Plaintiff several times that using just water to cleanse the OC spray would cause more harm than good. The remaining averments are denied. By way of further response, the averments in this

paragraph refer to an incident recorded on video, which was captured on body worn cameras, the video of which speaks for itself. Any characterizations thereof are denied.

45.    Admitted.

46.    Denied as stated. During the drive to the booking center, Plaintiff continued to complain about the effects of the OC spray and Officer Tritt attempted to help calm Plaintiff down as further excitement would cause more sweat, which could worsen the effects of the spray. Additionally, Officer Tritt informed Plaintiff that he would receive medical treatment at the Booking Center. The remaining averments are denied.

47.-49.    Admitted.

50.-51.    Admitted in part and denied in part. It is admitted only that Officer Tritt and Plaintiff arrived at the Dauphin County Booking Center. The remaining averments are denied. By way of further response, the averments in this paragraph refer to an incident recorded on video, which was captured on body worn cameras, the video of which speaks for itself. Any characterizations thereof are denied.

52.    Denied as stated. Officer Tritt and Plaintiff remained parked outside the Dauphin County Booking Center for approximately six (6) minutes. Upon

Plaintiff's request for medical attention, Officer Tritt responded that it was

requested, and that Plaintiff would receive it inside the Booking Center. A Dauphin

County Booking Center employee also told Plaintiff that, after being processed by

the Booking Center, he would receive medical treatment. During the

approximately six (6) minute wait, Plaintiff continued to complain about the

incident and the nature of his arrest. The remaining averments are denied. By way

of further response, the averments in this paragraph refer to an incident recorded

on video, which was captured on body worn cameras, the video of which speaks

for itself. Any characterizations thereof are denied.

53.    Denied as stated. It was impossible for Officer Tritt to enter the

Dauphin County Booking Center without first waiting for Dauphin County

Booking Center staff to let him inside. Once inside, it was believed by Officer Tritt

that Plaintiff would receive medical attention, per protocol, and due to the Dauphin

County Booking Center employee stating as such. Officer Tritt had no way of

treating Plaintiff himself. The remaining averments are denied. By way of further

response, the averments in this paragraph refer to an incident recorded on video,

which was captured on body worn cameras, the video of which speaks for itself.

Any characterizations thereof are denied.

54.    Admitted.

55.     Denied as stated. Over the course of twelve (12) minutes, Plaintiff remained handcuffed in the back of Officer Tritt's police vehicle as Officer Tritt felt uncomfortable taking Plaintiff out of the vehicle until the Booking Center was ready for Plaintiff or moving his handcuffs, due to Plaintiff's violent resistance during his arrest. Plaintiff did request further aid; however, Officer Tritt had no means of rendering aid himself and was at the mercy of the Booking Center. The remaining averments are denied.

56.     Denied as stated. Upon information and belief, multiple power failures occurred which delayed Plaintiff's access into the Booking Center and prevented Plaintiff from being decontaminated. Officer Tritt attempted to calm Plaintiff done by explaining that just applying water would make his alleged pain worse. Furthermore, Officer Tritt, himself, had no way of decontaminating or cleansing the OC spray. By way of further response, the averments in this paragraph refer to an incident recorded on video, which was captured on body worn cameras, the video of which speaks for itself. Any characterizations thereof are denied.

57.     Admitted in part and denied in part. It is admitted only that at approximately 2:40 PM, Plaintiff began to thrash in the back of Officer Tritt's police vehicle and ask for medical attention. The remaining averments are denied. After reasonable investigation, Answering Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining averments in paragraph 57, and accordingly, they are deemed denied.

58.     Admitted in part and denied in part. It is admitted only that Officer Tritt made a cell phone call stating what paragraph 58 claims, and that Plaintiff asked for medical attention

59-63.     Admitted.

64.-75.     Admitted in part and denied in part.

76.     Denied as stated. While Plaintiff was receiving medical attention by hospital staff, Officer Aquiler arrived and spoke with Officer Tritt about what had happened.

77.     Denied.

78.     Admitted in part and denied in part. It is admitted upon information and belief only that Plaintiff was deemed medically stable and cleared for incarceration.

79.     Admitted upon information and belief.

80.     Admitted.

81.     Admitted upon information and belief.

82.     Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Admitted upon information and belief.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

## <u>FIRST CLAIM FOR RELIEF</u>
## <u>ARNEZ L. REID V. ISAAC TRITT</u>
### (*Alleged 42 U.S.C. § 1983 – Fourth Amendment – Search and Seizure*)

92.    Denied. Answering Defendants incorporate in their Answers the

preceding paragraphs as though set forth herein at length.

93.-95.    Denied.

**WHEREFORE**, Answering Defendants respectfully request that This

Court enter judgment in its favor and against Plaintiff, together with costs,

disbursements, attorney's fees, including but not limited to those available under

42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### SECOND CLAIM FOR RELIEF
### ARNEZ L. REID v. ISAAC TRITT
*(Alleged 42 U.S.C. § 1983 – Fourth Amendment – Use of Unreasonable Force)*

96.    Denied. Answering Defendants incorporate in their Answers the

preceding paragraphs as though set forth herein at length.

97.-105.    Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Court

enter judgment in its favor and against Plaintiff, together with costs,

disbursements, attorney's fees, including but not limited to those available under

42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### THIRD CLAIM FOR RELIEF
### ARNEZ L. REID v. ANTHONY AQUILER
*(Alleged 42 U.S.C. § 1983 – Fourth Amendment – Search and Seizure)*

106.    Denied. Answering Defendants incorporate in their Answers the

preceding paragraphs as though set forth herein at length.

107.-110.    Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Court

enter judgment in its favor and against Plaintiff, together with costs,

disbursements, attorney's fees, including but not limited to those available under

42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

## FOURTH CLAIM FOR RELIEF
### ARNEZ L. REID v. ANTHONY AQUILER
### *(Alleged 42 U.S.C. § 1983 – Fourth Amendment – Use of Unreasonable Force)*

111.   Denied. Answering Defendants incorporate in their Answers the

preceding paragraphs as though set forth herein at length.

112.-119.   Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Court

enter judgment in its favor and against Plaintiff, together with costs,

disbursements, attorney's fees, including but not limited to those available under

42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

## FIFTH CLAIM FOR RELIEF
### ARNEZ L. REAID v. JOSEPH N. HOGARTH
### *(Alleged 42 U.S.C. § 1983 – Monell Liability)*

120.   Denied. Answering Defendants incorporate in their Answers the

preceding paragraphs as though set forth herein at length.

121.-125.   Denied. At all times material hereto, the policies and

procedures of Answering Defendants have been reasonable and appropriate and

have insured the protection of all rights, privileges and immunities of persons, including Plaintiff.

**WHEREFORE**, Answering Defendants respectfully request that This Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

## SIXTH CLAIM FOR RELIEF
### ARNEZ L. REID v. PENBROOK BOROUGH
### *(Alleged 42 U.S.C. § 1983 – Monell Liability)*

126.   Denied. Answering Defendants incorporate in their Answers the preceding paragraphs as though set forth herein at length.

127.-131.    Denied. At all times material hereto, the policies and procedures of Answering Defendants have been reasonable and appropriate and have insured the protection of all rights, privileges and immunities of persons, including Plaintiff.

**WHEREFORE**, Answering Defendants respectfully request that This Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

## SEVENTH CLAIM FOR RELIEF
### ARNEZ L. REID v. ISAAC TRITT and ANTHONY AQUILER
### *(Alleged State Law Claims)*

132.   Denied. Answering Defendants incorporate in their Answers the preceding paragraphs as though set forth herein at length.

133.-134.   Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

## AFFIRMATIVE DEFENSES

Answering Defendants reserve the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing, and with regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defenses must be set forth in this Answer, Answering Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

16

## SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of Answering Defendants violated any of Plaintiff's constitutional rights.

## THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the State of Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer injury or damages as a result of any acts or omissions by Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff was a direct and proximate result of a third-party's conduct, or Plaintiff's own conduct, over which Answering Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

At no time material hereto, did Answering Defendants act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiff's health, safety and welfare.

**SEVENTH AFFIRMATIVE DEFENSE**

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

**EIGHTH AFFIRMATIVE DEFENSE**

At no time material hereto, were Answering Defendants deliberately indifferent to the safety or constitutional rights of Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Answering Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or otherwise limited by the terms, provisions, immunities, and defenses set forth in the Pennsylvania Political Subdivision Tort Claims Act. 42 Pa. C.S.A. § 8541 *et seq*. All defenses therein are incorporated by reference as though fully set forth at length herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks punitive damages, such a claim is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and

Eighth Amendments to the United States Constitution and by the laws of the

United States and the State of Pennsylvania.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert all or some of their claims and/or to obtain

all or some of the relief requested from the Court.

## THIRTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants adopt, permit or

follow, either formally or informally, a policy, custom or practice of violating a

person's Constitutional rights or which in any other way tolerated or permitted the

violation of the civil rights of any individual, including Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the policies and procedures of Answering

Defendants have been reasonable and appropriate and have insured the protection

of all rights, privileges and immunities of persons, including Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Answering Defendants were

appropriate under the circumstances and based upon a reasonable, good-faith belief

that they were justified under the law.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Answering Defendants policies were reasonable and in accordance with all laws, ordinances, regulations, and constitutional provisions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Probable cause existed for the stop and arrest of Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The medical care provided to Plaintiff was adequate and timely.

## NINETEENTH AFFIRMATIVE DEFENSE

The force used during Plaintiff's arrest was reasonable.

**MacMAIN LEINHAUSER PC**

Date: <u>August 8, 2024</u>          By:   */s/ David J. MacMain*
                                          David J. MacMain
                                          PA Attorney I.D. No. 59320
                                          433 W. Market Street, Suite 200
                                          West Chester, PA 19382
                                          *Attorney for Defendants, Penbrook Borough, Chief Joseph Hogarth, Officer Isaac Tritt, and Officer Aquiler*

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 8th day of August, 2024, a copy of the foregoing *Answer and Defenses to Plaintiff's Complaint* was served upon the following via ECF Notification:

Richard M. Wiener, Esq.
Law Offices of Richard M. Weiner
161 Washington Street, Suite 400
Conshohocken, PA 19428
*Attorney for Plaintiff*

**MacMAIN LEINHAUSER PC**

By:   */s/ David J. MacMain*
David J. MacMain
Attorney I.D. No. 59320
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorney for Defendants, Penbrook Borough, Chief Joseph Hogarth, Officer Isaac Tritt, and Officer Aquiler*